```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

MYLES R. EISENSTEIN                   *

      Plaintiff               *

      vs.                     *     CIVIL ACTION NO. MJG-02-1858

CERES MARINE TERMINALS, INC.          *

                                       *
      Defendant

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it:

1. Plaintiff's Motion for Summary Judgment;

2. Defendant's Motion to Dismiss;

3. Defendant's Motion for Rule 11 Sanctions;

4. Plaintiff's Motion to Strike Reply Memorandum of Defendant,

and the materials submitted by the parties in relation thereto. The Court finds a hearing unnecessary.

### I.   BACKGROUND

The instant Motions arise out of a suit filed for the enforcement of an award of attorney's fees under the Longshoreman's and Harbor Workers Act, 33 U.S.C. §§901 et seq. ("LHWA") to Plaintiff Myles R. Eisenstein ("Plaintiff" or

"Eisenstein").  The facts of the case are undisputed. Eisenstein successfully represented a claimant in an action for compensation pursuant to the LHWA against Defendant Ceres Marine Terminals, Inc. ("Defendant" or "Ceres Marine").  On December 13, 2001, Administrative Law Judge Molly Neal entered an Order pursuant to 33 U.S.C. §928(a) granting Plaintiff's request for attorney's fees and costs in the amount of $24,325.00.  Defendant appealed the Order awarding attorney's fees to the Benefits Review Board, and that appeal remains pending.

On May 31, 2002, Plaintiff brought suit in this Court seeking enforcement of the fee award, which had not been paid by Defendant.  Defendant moved to dismiss and for an award of Rule 11 sanctions against Plaintiff, and Plaintiff moved for summary judgment.

II.   <u>LEGAL STANDARD</u>

   A.   <u>Dismissal</u>

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a means of testing the legal sufficiency of a complaint.  The Court must deny a motion to dismiss unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). "The question therefore is whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1357 at 332-36 (2d ed. 1990).

The Court, when deciding a motion to dismiss, must consider well-pled allegations in a complaint as true and must construe those allegations in favor of the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421-22 (1969). The Court must further disregard the contrary allegations of the opposing party. <u>See</u> <u>A.S. Abell Co. v. Chell</u>, 412 F.2d 712, 715 (4th Cir. 1969). "However, the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint." <u>Nat'l Coalition for Students with Disabilities Educ. and Legal Def. Fund v. Scales</u>, 150 F.Supp.2d 845, 849 (D. Md. 2001) (citing <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243-44 (4th Cir. 1999)). A complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented.

3

B.  <u>Summary Judgment</u>

In deciding a summary judgment motion, the Court must look beyond the pleadings and determine whether there is a genuine need for trial.  See <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  The Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-53 (1986).  If the defendant carries its burden by showing an absence of evidence to support a claim, the plaintiff must demonstrate that there is a genuine issue of material fact for trial.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324-25 (1986).  The Court must look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose-colored glasses but must view it realistically.  Nevertheless, the non-movant is entitled to have all reasonable inferences drawn in his favor.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970).

An issue of fact must be both genuine and material in order to forestall summary judgment.  An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the plaintiff.  See <u>Anderson</u>, 477

U.S. at 248. An issue of fact is material only if the establishment of that fact might affect the outcome of the lawsuit under governing substantive law. See id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

III.   DISCUSSION

   A.   Plaintiff's Claim for Enforcement of Fee Award

Section 928 of the LHWA provides that, in the event of a "successful prosecution" of a claim under the Act:

> [T]here shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer... in an amount approved by the... court... which shall be paid directly by the employer... to the attorney for the claimant in a lump sum after the compensation order becomes final.

33 U.S.C. 928 (a). In the instant case, such a compensation order was issued by the Administrative Law Judge granting attorney's fees to the Plaintiff.

Plaintiff claims that he is entitled to bring suit in this Court to enforce the Order of the ALJ. Defendants argue that such a suit is premature as the Order granting attorney's fees is still on appeal to the Benefits Review Board, and

further, that Plaintiff has not satisfied the LHWA's procedural requirements for appeal to a District Court.

Plaintiff and Defendant rely on different, and seemingly contradictory, provisions of the LHWA to support their arguments. Section 921(b)(3), which is relied on by Plaintiff, provides:

"The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the Board."    33 U.S.C. §921(b)(3). Defendant did not request such a stay nor was one ordered. Thus, Plaintiff argues, the award is due and payable, and this Court may enforce the award pursuant to Section 921(d), which provides for enforcement of unpaid compensation orders in the district courts.

Defendant, in turn, relies on LHWA §921(d), which provides that if an employer "fails to comply with a compensation order making an award, <u>that has become final</u>, any beneficiary of such an award... may apply for the enforcement of the order" to a district court. 33 U.S.C. 921(d). Defendant argues that this limits the ability to seek enforcement in the district court to awards that have become final, and that because it has appealed the award, this Court lacks jurisdiction to enforce the award.

Though the Fourth Circuit has not ruled on this particular issue, in a case presenting identical issues, the Seventh Circuit ruled that an appeal of an attorney's fee award to the Benefits Review Board prevents that award from becoming final, and thus precludes a suit for enforcement. <u>Wells for use of Rossiello v. Int'l Great Lakes Shipping Co.</u>, 693 F.2d 663 (7th Cir. 1982) <u>cited in</u> <u>Attorney Grievance Comm'n v. Eisenstein</u>, 635 A.2d 1327, 1329 (Md. App. 1994).  In the <u>Wells</u> case, the Plaintiff was an attorney who had been awarded fees by the deputy commissioner.  As here, the employer appealed the fee award, but not the underlying compensation award, to the Benefits Review Board.

The Seventh Circuit noted the seeming discrepancy between the two Sections of the statute, and decided that the provisions of §921(b)(3) were "not intended to override section 928(a), which... postpones the employer's obligation to pay attorney's fees till after the compensation award becomes final."  <u>Id.</u> at 665.  The court held that §921(b)(3) prohibited the stay of a payment of compensation to the injured longshoreman, and not the payment of attorney's fees, absent an order from the Board.  The court noted, "[t]he duty to pay the attorney's fees award 'directly' arises only 'after the compensation award becomes final' section 928(a), and the

right to sue to enforce that duty arises only when the award 'has become final,' section 921(d)."  Id.; accord, Thompson v. Potashnik Const. Co. 812 F.2d 574, 577 n.2 (9th Cir. 1987)("Section 921(b)(3) does not apply to attorney's fees orders.").

This Court agrees with the Seventh and Ninth Circuits' interpretation of the statute.  As the Thompson court stated, reading the provisions of §921(b)(3) to require immediate payment would render superfluous the provisions of §921(d), which clearly states that payment is not due until the award becomes final.

Thus, Plaintiff's suit to compel the payment of attorney's fees is premature and shall be dismissed without prejudice.

### B.  Rule 11 Sanctions

Defendant has filed a motion requesting the imposition of Rule 11 sanctions against the Plaintiff, on the basis that Plaintiff's Complaint is frivolous and without legal basis. Federal Rule of Civil Procedure 11(b)(2) provides for the imposition of sanctions at the court's discretion if, in a submission to the court, a party presents "claims, defenses, and other legal contentions" that are "unwarranted by existing

law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

Though Plaintiff's Complaint is untimely, in light of the fact that there exists no Fourth Circuit precedent nor precedent of this Court squarely addressing the issues therein, the Court finds that Rule 11 sanctions are not warranted.

### C.   Plaintiff's Motion to Strike

Plaintiff has moved to strike the Reply Memorandum submitted by Defendant.  Plaintiff's motion contains no legal argument as to why the Court should strike Defendant's Reply, except to state that Plaintiff's Reply "adds an additional element of dismissal under Rule 11 which was not addressed by the original Motion to Dismiss."  In fact, Defendant's Motion for Rule 11 Sanctions was filed with its Motion to Dismiss, on the same date, as a separate Motion.  This Court sees no reason to strike Defendant's Reply.

## IV.   CONCLUSION

For the foregoing reasons:

1.   Defendant's Motion to Dismiss is GRANTED.

2. Plaintiff's Motion for Summary Judgment is DENIED AS MOOT.

3. Defendant's Motion for Rule 11 Sanctions is DENIED.

4. Plaintiff's Motion to Strike Defendant's Reply is DENIED.

5. Judgment shall be entered by separate Order.

SO ORDERED, on <u>Thursday, 6 March,  2003</u>.

___/ s /___
Marvin J. Garbis
United States District Judge
