**IN THE UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MYLES R. EISENSTEIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Act. No. MJG 02-1858** |
| ) | |
| **CERES MARINE TERMINALS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant, Ceres Marine Terminals, Inc., by its counsel, respectfully submits this memorandum of points and authorities in opposition to Plaintiff's motion to for reconsideration. This Court held the award of attorney fees is not final, and thus can not be enforced. Thia Court properly relied upon the decision of <u>Wells v. International Great Lakes Shipping Co.</u>, 693 F.2d 663, 15 BRBS (CRT 47 (7th Cir. 1982).

Plaintiff argues that the case of <u>Wells v. International Great Lakes Shipping Co.</u>, 693 F.2d 663 (7th Cir. 1982) is inapplicable to our case, because the Employer - Defendant herein appealed the attorney fee award, but not the underlying compensation order, which awarded compensation to the Claimant (which award the Employer has paid). If Claimant's counsel would read the <u>Wells</u> Case, he would see that was exactly the same situation in <u>Wells</u>. The first page of the <u>Wells</u> decision provides as follows:

> The defendants did not quarrel with the deputy commissioner's award of benefits to the plaintiffs but did appeal his award of attorney's fees to the Benefit Review Board, which is the next level in the administrative review hierarchy.

<u>Id</u>. at 664.

Indeed, if the Plaintiff had merely read the syllabus for the *Wells* decision, he would have seen the holding of *Wells* is that an attorney fee award is not final, and thus is not payable, while an appeal of the attorney fee award is pending:

> The Court of Appeals, Posner, Circuit Judge, held that: (1) under Longshoremen's and Harbor Workers' Compensation Act, an attorney may not recover fees until award has become final, which is when possibilities for review of award have been exhausted, and <u>(2) by appealing to Benefits Review Board from deputy commissioner's award of fees, defendants prevented that award from becoming final, and therefore attorney was not entitled to enforcement of fee order.</u>

<u>Id</u>. at 663 (emphasis added).

The simply fact is that section 21(d) of the Longshore Act requires a "final" order, and the attorney fee award is not final. 33 U.S.C. § 921(d). The Claimant's suggestion the fee award is not final, is disproven by the very Benefits Review Board decision he attached to his motion. The Benefits Review Board vacated a finding of the Administrative Law Judge overruling on e of the Employer's objections to the attorney fee award, and the Board remanded the case back to the Administrative Law Judge to reconsider the Employer's objection, which goes to the issue of whether any attorney fee award is warranted. The Defendant is puzzled how the Plaintiff can argue that vacating an award, and remanding it to the trial Judge, makes the award final. Moreover, both sides filed motions for reconsideration with the Benefits Review Board, which motions are still pending.

## **CONCLUSION**

The Court should deny Plaintiff's motion for reconsideration.

>Respectfully submitted,
>
>CERES MARINE TERMINALS, INC.
>
>By____/s/_____
>   Lawrence P. Postol
>   Its Attorney

SEYFARTH SHAW
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC  20006-4004

DATED:    March 20, 2003

DC1 30081152.3

## CERTIFICATE OF SERVICE

I have certify that a copy of the foregoing DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION was mailed by certified mail, this 20th day of March, 2003 to:

>Michael C. Eisenstein
>The Title Building, Suite 500
>110 St. Paul Street
>Baltimore, MD  21202

                              _____/s/_____
                                    Lawrence P. Postol

DC1 30081152.3